■ In the Matter of the Arbitration between CONRAD BRINGSJORD, Respondent, and SALOMON SMITH BARNEY, INC., et al., Appellants. [714 NYS2d 69] —Order and judgment (one paper), Supreme Court, New York County (Kibbie Payne, J.), entered April 14, 2000, which granted petitioner's application to disqualify respondents' counsel in an arbitration proceeding pending before the New York Stock Exchange, unanimously affirmed, without costs.

Petitioner was an investment banker at Smith Barney, Inc., prior to Travelers Group Inc.'s acquisition of Salomon Brothers Inc. and the subsequent merger of Salomon Brothers and Smith Barney. Following the merger, petitioner's duties at Salomon Smith Barney were reduced and he terminated his employment and joined CIBC Oppenheimer (Oppenheimer) pursuant to an employment agreement in June 1998. In April 1999,

petitioner commenced an arbitration proceeding against respondents before the New York Stock Exchange seeking a severance package in excess of $7,000,000 on the grounds that the reduction of his responsibilities subsequent to the Salomon/ Smith Barney merger amounted to a constructive discharge. Respondents retained H. Nicholas Berberian and the law firm of Neal, Gerber & Eisenberg (collectively NGE) to represent them in the arbitration proceeding and NGE obtained a copy of petitioner's employment agreement with Oppenheimer, which included a provision that, if petitioner prevailed in a claim against respondents for compensation relating to his prior employment, Oppenheimer would receive one-half of petitioner's award in excess of $1,500,000. Thereafter, when petitioner learned that NGE had, since considerably before its retention by respondents, been representing Oppenheimer in an ongoing Illinois action, he petitioned to disqualify NGE as respondents' counsel in the arbitration proceeding.

The IAS Court's grant of the petition to disqualify counsel was proper since NGE's representation of respondents would likely have had a material adverse effect on the interests of its client Oppenheimer (see, Code of Professional Responsibility DR 5-105 [a] [22 NYCRR 1200.24 (a)]) and Oppenheimer expressly rejected NGE's request to represent respondents (see, DR 5-105 [c]). Although Oppenheimer was not a party to the arbitration proceeding, it had a significant financial interest in the proceeding's outcome and NGE's withdrawal as Oppenheimer's local counsel in the Illinois action did not render disqualification improper (see, Stratagem Dev. Corp. v Heron Intl., 756 F Supp 789, 794).

We have considered respondents' remaining contentions and find them unavailing. Concur—Rosenberger, J. P., Williams, Wallach and Buckley, JJ.